(No. 15744.—Judgment affirmed.)

THE CONSOLIDATED COAL COMPANY OF ST. LOUIS, Plaintiff in Error, vs. THE INDUSTRIAL COMMISSION et al.—(LEE MONTGOMERY, Defendant in Error.)

*Opinion filed February 19, 1924.*

1. WORKMEN'S COMPENSATION—*what constitutes period of temporary total disability.* The period of temporary total disability is the period immediately after the accident during which the injured employee is totally incapacitated for work by reason of the illness attending the injury, and where the injury is permanent the period of temporary total disability exists until the workman is as far restored as the permanent character of the injuries will permit.

2. SAME—*award must be supported by preponderance of evidence.* An award by the Industrial Commission cannot stand unless it is supported by a preponderance of the competent evidence in the record.

3. SAME—*the courts will give weight to finding of commission where evidence is contradictory.* Where the facts are controverted and the determination of a disputed question of fact depends upon the credit to be given contradictory testimony the courts will give due weight to the finding of the Industrial Commission.

4. SAME—*when failure to find extent of an employee's earning capacity will not cause reversal.* Where the Industrial Commission has found that the injured employee is able to earn something at some suitable employment and has made an award which is less than that authorized by statute if the finding had been for total incapacity, its failure to make a definite finding of the amount the employee is able to earn will not cause a reversal of a judgment of the circuit court approving the award, which is well within the limits of the evidence.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. D. T. HARTWELL, Judge, presiding.

L. O. WHITNEL, and EDGAR P. HOLLY, for plaintiff in error.

A. W. KERR, and GEORGE R. STONE, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

January 29, 1921, Lee Montgomery was accidentally injured while in the employ of plaintiff in error. He was awarded $15 a week for 33 4/7 weeks' temporary total disability and $9.15 a week for 382 3/7 weeks of permanent partial incapacity for work. The circuit court of Williamson county confirmed this award and a petition was filed for writ of error. The reply to this petition, which is permitted by rule 43 of this court, was not filed and the writ was awarded.

Defendant in error testified that he is fifty years of age; that he is married and is living with his wife; that he has five children, the eldest of whom is nine years of age; that prior to the date of the accident his general health was good; that he had never required or received the services of a physician; that he had been loading coal in the mine for about eight years; that on the morning of his injury he was pushing a car into place for loading; that he was pushing with all his might when the car moved suddenly and caused him to fall; that he struck the lower end of his spinal column on the bumper; that he was in such pain that he was not able to do anything for half an hour; that after resting he got up and loaded the car; that he suffered great pain and when the car was loaded he quit for the day; that he reported to Dr. Evans, the company physician; that he continued to report to him almost daily until the last of June; that Dr. Evans applied liniments for some time and later gave him hypodermic injections; that later he was examined by other physicians for the company; that he has tried to do light work about the house and in his garden but is unable to work more than twenty minutes at a time; that he can stoop over without suffering much pain but can hardly straighten up again; that he suffers pain in his back and head all the time; that he has not been able to work since he was injured and that his condition is not improving.

Dr. C. N. Evans testified that he is a practicing physician at Clifford; that he treats most of the employees injured in the mines; that he treated Montgomery; that Montgomery first came to him January 30 and reported that he had been injured January 12 by falling and striking his right flank against a bumper; that he made an examination and found a spasticity of the lumbar muscles; that there were no abrasions; that he strapped his back with adhesive plaster and kept it on for about a week; that he tried local applications of liniments and later gave him hypodermic injections; that when he first began treating him he concluded that he would be disabled about two weeks; that later he discovered that his conclusion was wrong; that he treated him until about the first of July; that his treatments were for a general rheumatic condition.

Three other physicians examined Montgomery at the request of plaintiff in error,—Dr. J. B. Moore, May 23, 1921; Dr. W. H. Gilmore, May 24, 1921; and Dr. I. T. Roberts, May 22, 1922. They stripped Montgomery and gave him a thorough physical examination with and without the use of the X-ray. They found his blood pressure high,—systolic 164 and diastolic 100; his posture slightly stooped, with the trunk anteriorly inclined on the pelvis; his gait slow but unsteady; the organs of his body in a normal, healthy condition, although his general appearance did not indicate good health. The radiographs showed osteo-arthritis of the spine, with a bony proliferation and compression of the left side of the second and third lumbar vertebræ. It was the opinion of the physicians that this diseased condition of the lumbar segments of the spinal column was due to a diseased condition of several years' standing,—probably since childhood; that a spine diseased as Montgomery's was would be more susceptible to strain than a normal spine, and that a trauma might excite a dormant diseased condition. Dr. Roberts expressed the opinion that Montgomery was able to load coal, though he might

suffer some discomfort a part of the time. Dr. Moore did not think he was able to do such heavy work as loading coal, which would require stooping and lifting, but he was of the opinion that he could do light work. Dr. Gilmore expressed no opinion on the subject.

Plaintiff in error contends that there is no evidence in the record justifying the finding of the commission with respect to the length of the period of temporary total disability. This period is that temporary period immediately after the accident during which the injured employee is totally incapacitated for work by reason of the illness attending the injury. It is the period of the healing process. Temporary, as distinguished from permanent, disability is a condition that exists until an injured workman is as far restored as the permanent character of the injuries will permit. (*Stromberg Co.* v. *Industrial Com.* 305 Ill. 619; *Mt. Olive Coal Co.* v. *Industrial Com.* 295 id. 429.) It is easy enough to determine when this period begins but it is not always possible to determine with mathematical exactness when it ends. The arbitrator designated by the commission to hear this case found that the period ended the day before the hearing was held. The evidence before him showed that the workman was up to that time wholly incapacitated for work and that throughout most of the period he had been under the constant care of the company physicians. Up to that time no one seems to have known whether Montgomery's condition was temporary or permanent. This portion of the award finds substantial support in the record and it will not be set aside.

Plaintiff in error contends, further, that there is no evidence in the record to support the finding that $9.15 is the difference between the amount Montgomery earned each week before he was injured and the amount he is able to earn now. We have often held that the award of the Industrial Commission cannot stand unless it is supported

by a preponderance of the competent evidence in the record. (*Groveland Coal Co.* v. *Industrial Com.* 309 Ill. 73; *Mt. Olive and Staunton Coal Co.* v. *Industrial Com.* 301 id. 521.) If the commission believed the testimony of Montgomery it would have been justified in finding that he was wholly incapable of performing any work. The record shows that Montgomery earned on the average $33.60 a week before he was injured and that he has earned nothing since. Where the facts are controverted and the determination of a disputed question of fact depends upon the credit to be given contradictory testimony the courts will give due weight to the finding of the commission, which is qualified by experience and special study to weigh facts applicable to cases within its jurisdiction. (*Inland Rubber Co.* v. *Industrial Com.* 309 Ill. 43; *Field & Co.* v. *Industrial Com.* 305 id. 134.) The Industrial Commission has found, as contended by plaintiff in error, that Montgomery is able to earn something at some suitable employment, and has made an award which is less than that authorized by the statute if the finding had been that Montgomery was wholly incapacitated for work. While the commission should have made a definite finding of the amount Montgomery is able to earn, this omission ought not to cause a reversal of the judgment and further delay. This cause has been dragging through the several tribunals provided by statute for three years and further delay means a denial of justice. The award is well within the limits of the evidence, and it will be confirmed.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*