(No. 23067.—

THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Defendant in Error, vs. THE INDUSTRIAL COMMISSION et al.—(CORA BENNETT LANG, Plaintiff in Error.)

*Opinion filed December 16, 1935—Rehearing denied Feb. 5, 1936.*

MCKENNA, HARRIS & SCHNEIDER, (ABRAHAM W. BRUSSELL, of counsel,) for plaintiff in error.

RICHARD S. FOLSOM, (HARRY L. YALE, of counsel,) for defendant in error.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Plaintiff in error is the sole dependent and widow of Louis A. Lang. She filed her claim with the Industrial Commission, and the arbitrator awarded her compensation at $15 per week for 266 and two-thirds weeks, or $4000. On review the award was confirmed by the commission. On *certiorari* the superior court of Cook county set aside the award. The case is here by writ of error.

It is the contention of plaintiff in error that the findings of the arbitrator and the commission that Lang's death was proximately caused by the injury he received was not against the manifest weight of the evidence, and therefore the superior court erred in setting aside these findings.

It appears that on December 11, 1931, Lang was employed by defendant in error in erecting the Lane Technical High School, in Chicago, as a construction engineer. While at work he was walking on a wooden platform in the building near the boiler room. The platform fell but Lang grasped a beam, where he hung on for a time before he fell to the cement floor. It was approximately fourteen feet from the concrete floor to the beam. Lang fell on his side and face. He did not regain consciousness for about ten minutes. When he revived he put his right hand up to his head. His left arm was broken at the shoulder and hung limp. He was assisted to a shanty, given first aid treatment and then taken by Dr. Kort to a hospital. He suffered great pain. At the hospital X-ray pictures were taken. An examination of his back revealed tenderness in the back of the neck and between his shoulder-blades. A marked swelling extended over the entire left shoulder, and bruises and discoloration extended over the back of the neck up to the base of the skull, or occiput. A temporary splint was affixed and his body was put in a cast. Later an æroplane splint was applied to his arm. He wore this three months. He left the hospital on December 23, 1931. He remained at home under the care of a nurse until the middle of February, and received treatments to the injured arm up to the date of his death, June 14, 1932. The death certificate, introduced by defendant in error, showed cerebral hemorrhage as the cause of death, with "essential hypertension," or high blood pressure, as a contributory cause of importance.

The testimony shows that Lang was in apparent good health before the fall; that after he returned to work he appeared to be ill; that he was not as capable as he had been before his injury; that he was less alert; that his memory was not as good as before; that he thought and moved slower; that he would have to have words repeated to him; that this irritated him; that he was depressed, not

as interested in his surroundings as before his fall, and that he was irritable.

The attending physician, Dr. Kort, testified that he did not suspect a fracture of the skull and did not, therefore, take Lang's blood pressure, but that he devoted his attention to the shoulder, arm and back. Dr. Albert C. Field testified, in answer to hypothetical questions, that in his opinion there was a causal connection between the injury sustained, the conditions of ill-being and Lang's death. In his opinion Lang received a brain injury from the fall, which increased gradually in severity and finally resulted in a hemorrhage, which caused death. He stated that if the hypothetical man had high blood pressure, a fracture of the shoulder and elbow would aggravate it. This testimony was corroborated by that of Dr. Deadman.

Defendant in error called Dr. Kelly. He testified that in February, 1932, he examined Lang, who was then very responsive to his questions and made no complaint except about his arm. Four witnesses for defendant in error testified that they observed no changes in Lang's demeanor after he returned to work. Three physicians testified as experts for defendant in error, to the effect that in their opinion there was no causal connection between Lang's death and the injuries he sustained when he fell on December 11, 1931. They admitted on cross-examination that if he suffered with high blood pressure it was of long duration and not of sudden origin, and that it would be aggravated by the fall and injuries he suffered.

The facts are similar to those in the case of *County of Cook* v. *Industrial Com.* 327 Ill. 79, where we held that, regardless of the conclusion which this court might reach if we were hearing the evidence, the rule is "that the findings of the Industrial Commission on the facts will not be disturbed unless against the manifest weight of the evidence.—*Consolidated Coal Co.* v. *Industrial Com.* 311 Ill. 61; *Peabody Coal Co.* v. *Industrial Com.* 311 id. 338."

266

In our opinion the findings of the commission were not against the manifest weight of the evidence and the superior court erred in setting aside the award of the Industrial Commission. The judgment of that court is therefore reversed and the award of the Industrial Commission is confirmed. *Judgment reversed and award confirmed.*