(No. 39267.—▮▮▮▮▮▮▮▮)
A. O. SMITH CORPORATION, Appellee, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(RUSSELL BRYANT, Appellant.)

*Opinion filed November 19, 1965.*

C. E. Heiligenstein, of Belleville, for appellant.

Randall Robertson, of Granite City, for appellee.

Mr. Justice Solfisburg delivered the opinion of the court:

Appeal is taken in this case from a judgment of the circuit court of Madison County setting aside an order of the Industrial Commission which had awarded Russell Bryant workmen's compensation benefits for 13 weeks temporary total disability and certain medical expenses. The principal issue is whether the circuit court could properly find that there was no evidence to show a causal relationship between the accident at work and the disability for which compensation was sought.

Claimant had been employed by the A. O. Smith Corporation for nine years and had a history of excessive absenteeism, one instance occurring in September, 1959, when he missed a day of work and reported that he had hurt his back while lifting a tree limb. On June 8, 1962, he was working as helper to a crane operator and the evidence indicates that his body was subjected to a sudden jerk as he was guiding a load being lifted by the crane. He testified that he experienced pain in his back and right leg, but finished his shift and later, after a weekend had ensued, reported the incident to his supervisor. At the plant dispensary he was given heat treatment on his back and subsequently, on June

13, 1962, was sent to Dr. Leslie Reed, the plant physician, who examined him and took X rays of his spine. At the hearing in this proceeding, Dr. Reed interpreted the X rays as showing a degenerative narrowing or wasting away of intervertebral discs, and expressed the opinion that the condition had developed over a period of at least six months to a year and was the cause of claimant's pain and discomfort. On cross-examination the doctor conceded the accident of June 8, 1962, could have caused pain, but nothing in his testimony tends to show that a new injury or the aggravation of an existing injury had occurred on such date.

Following the accident it appears that the plant was on vacation the last two weeks of June, 1962, and claimant testified he had spent the period in a hospital for X rays to be taken. Further, he testified he was again hospitalized from July 11 to July 21, 1962; that he was off work from March 12 to March 18, 1963; and that he ceased working altogether on March 28, 1963. He was hospitalized again from April 2 to April 10, 1963, and on this occasion a laminectomy was performed in which, according to claimant, three discs were removed from his back.

The medical evidence for claimant was encompassed in a letter written to his attorney on June 5, 1963, by the surgeon who had performed the laminectomy. This exhibit recited the history given by the claimant to the doctor, including the jerking incident, and further stated: "That an examination by the doctor on March 25, 1963, revealed muscle spasm, pain and tenderness in the region of the fifth lumbar vertebra; that a laminectomy was performed April 3, 1963; and that claimant was advised he could return to work on or about May 28, 1963, provided he did no heavy lifting." In no manner did the exhibit establish, or attempt to establish, that the jerking accident of June 8, 1962, was a causative factor in claimant's subsequent absences from work or the condition which necessitated the laminectomy. With regard to his physical condi-

tion, claimant stated that he had fully recovered from the back injury of September, 1959, and, together with his wife, testified that he had had no pain or difficulty with his back until after the jerking accident of June 8, 1962. However, claimant applied for and was paid benefits for a non-occupational injury under a group insurance policy as a result of· this injury. See *United States Steel Corp.* v. *Industrial Com.* 8 Ill.2d 407, 413.

We agree with the circuit court that claimant did not meet his burden of proving that the accident of June 8, 1962, was a causative factor in the temporary disability for which compensation was sought, and that the decision of the Industrial Commission was against the manifest weight of the evidence in such respect. There is nothing in the record which establishes that there was any causal relationship between the accident at work on June 8, 1962, and claimant's subsequent medical treatment and absences from his employment. Rather, the only expert testimony in the record on the issue is that of Dr. Reed describing claimant's condition as a nontraumatic degenerative process occurring over a period of six months to a year, and his opinion that claimant's pain and discomfort was caused by such process. It is true there was testimony that claimant first suffered pain in his back after the accident, but we cannot, without more, equate that pain with a back injury, or the aggravation of an existing condition, occurring at the time of the accident. Liability for workmen's compensation cannot rest on imagination, speculation or conjecture, but must be based solely upon the facts contained . in the record. (*Sanitary District of Chicago* v. *Industrial Com.* 343 Ill. 236; *Berry* v. *Industrial Com.* 335 Ill. 374.) To allow recovery on the record presented here would do violence to this precept.

The judgment of the circuit court of Madison County is affirmed.

*Judgment affirmed.*