(No. 40120.-■■■■■■■■)

CALENDAR PACKING COMPANY *et al.*, Appellants, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(PABLO PENA, Appellee.)

*Opinion filed Nov. 30, 1967.—Rehearing denied Jan. 18, 1968.*

ANGERSTEIN & ANGERSTEIN, of Chicago, (OSCAR P. CHIAPPORI, SIDNEY Z. KARASIK, and CHARLES WOLFF, of counsel,) for appellants.

THOMAS G. CRONIN, of Chicago, (WILLIAM J. HARTE, of counsel,) for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Pablo Pena, an employee of Calendar Packing Com-

pany, was awarded workmen's compensation for a hernia which he allegedly sustained while at work. The award was confirmed by the circuit court of Cook County and the employer appeals, contending the decision of the Industrial Commission was against the manifest weight of the evidence.

The legislature has made hernia the subject of special provisions. It is prescribed by subsection (d) of section 8 of the Workmen's Compensation Act that "An injured employee, to be entitled to compensation for hernia, must prove: A. The hernia was of recent origin; B. Its appearance was accompanied by pain; C. That it was immediately preceded by trauma arising out of and in the course of the employment; D. That the hernia did not exist prior to the accident." (Ill. Rev. Stat. 1965, chap. 48, par. 138.8.) Two witnesses testified in the case at bar, the claimant and his physician Dr. Gonzales. The claimant testified that he lifted a box of meat weighing about a hundred pounds and that as he was walking over to put it on a "skid" he slipped and fell to one knee. He heard something crack and noticed a sharp pain in his stomach. He told his boss he hurt himself, whereupon the latter sent him to the company doctor who in turn advised him to go home. A few days later the claimant consulted Dr. Gonzales, who performed an operation on him. The claimant testified further that he had never had any trouble with his "belly" before the incident in question.

Dr. Gonzales testified that his examination disclosed an umbilical hernia and that surgery was performed to correct the condition. In response to a hypothetical question, which included all the pertinent facts, he stated that there could have been a causal relationship between the lifting and the appearance of the hernia. He admitted on cross-examination that he could not tell how old the hernia was and had no opinion as to whether or not it existed before the occurrence in question.

The employer produced no witnesses but introduced into

evidence a "Physician's and Surgeon's Statement" in support of the claimant's application for accident insurance benefits. The statement contained the word "No" in answer to the question whether the sickness arose out of the patient's employment. It further appears, by the claimant's admission on cross-examination, that his doctor bills and most of the·hospital expenses were paid from these nonoccupational disability benefits, which benefits are not available where the injury is compensable under the Workmen's Compensation Act. Dr. Gonzales stated on cross-examination that the signature on the document was that of his secretary but that he directed the answer to the questionnaire. He explained that the answer "No" was based upon the history given him by the claimant in the course of treatment.

The employer insists that the claimant failed to meet the burden of proof on the questions whether the hernia was of recent origin, whether it existed prior to the alleged accident, and whether there was a causal relationship between the accident and the hernia. It is argued that the doctor's testimony on these issues is inconclusive and that the claimant's testimony as to never having had trouble with his belly before is a mere self-serving statement. Also relied upon, in contending that causal relationship was not proved, is the inconsistent answer on the "Physician's and Surgeon's Statement" and the fact that nonoccupational disability benefits were claimed and received. The employer then urges that it is entirely a matter ·of speculation whether the hernia was of recent origin, that it did not exist prior to the accident, and that it had a causal relation therewith.

We do not agree. The uncontradicted testimony of the claimant is to the effect that he slipped while carrying a heavy box of meat and that when he fell he experienced a sharp pain in the center of his abdomen. He immediately reported the accident, was examined by company physicians,

and underwent surgery for an umbilical hernia shortly thereafter. He testified further that he had never had such trouble before. The employer presented no evidence except the document offered to impeach the testimony of the claimant's physician.

It is true, as the employer points out, that the burden of proof in a hernia case, as in other workmen's compensation cases, is on the claimant and that all the attending circumstances and conditions prescribed by statute must be proved by a preponderance of the evidence. (*Olney Seed Co.* v. *Industrial Com.,* 403 Ill. 587.) But a careful consideration of the record on this appeal shows there is adequate evidence to support the decision of the Industrial Commission. From the claimant's testimony and that of his doctor the inference may be fairly drawn that the claimant incurred a hernia which was immediately preceded by trauma arising out of and in the course of his employment, that it was accompanied by pain, and that it did not exist before then. Although the documents introduced by the employer tended to impeach the testimony about a causal connection, no witnesses were called to testify to different facts. We do not believe that under the circumstances of this case the documents are sufficient to render claimant's testimony unbelievable. An application for nonoccupational disability benefits for the same condition does not of itself bar a workmen's compensation award. (*United States Steel Corp.* v. *Industrial Com.,* 32 Ill.2d 68.) The Industrial Commission is the trier of fact, determining the credibility of the witnesses. Its findings are not to be disturbed unless they are against the manifest weight of the evidence, and such has not been shown to be the case here.

The circuit court was correct in confirming the award, and its judgment will be affirmed.

*Judgment affirmed.*