(No. 41791.—

HERBERT GUBSER, d/b/a Gubser's Funeral Home, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Leonard G. Ferguson, Appellee.)

*Opinion filed May 28, 1969.*

REED, ARMSTRONG & GORMAN, of Edwardsville, for appellant.

PRATT, MOSELE & COHN, of East Alton, (VICTOR J. MOSELE, of counsel,) for appellee.

Mr. JUSTICE WARD delivered the opinion of the court:

The appellee, Leonard G. Ferguson, who had been employed as a handyman by the appellant, Herbert Gubser, d/b/a Gubser's Funeral Home, on February 20, 1967, filed an application for benefits under the Workmen's Compensation Act. The Commission awarded compensation to the appellee for 36 weeks for injuries sustained which had caused temporary disability, and ordered payment to cover necessary medical, surgical and hospital expenses. The award was solely for temporary disability and specifically provided that it would not bar further proceedings in the case pursuant to section 19(b), for additional temporary disability compensation or for compensation for permanent disability. (Ill. Rev. Stat. 1967, ch. 48, par. 138.19(b).) The circuit court of Jersey County affirmed the award and the appellant has appealed to this court under our Rule 302. Ill. Rev. Stat. 1967, ch. 110A, par. 302.

The appellee's duties included the loading and unloading

of patients from ambulances. The appellee testified that on September 20, 1966, he assisted Herbert Gubser, the appellant, on an ambulance service call. The appellee and Gubser had picked up a patient at the Jerseyville hospital and had delivered him to his home. As they were taking the patient from the ambulance the appellee testified that his back had "popped." He cried out in pain and told the appellant, Gubser, he had injured his back. However, he worked the balance of the day and later in the day told Gubser that his back was "causing him trouble," to which the appellant made no comment. He continued to work for another week but it appears that the pain in his back worsened and he then consulted Dr. Knoul, a chiropractor. The appellee visited Dr. Knoul on two occasions and when he did not receive relief he consulted two other chiropractors, but his condition did not improve.

On October 24, 1966, the appellee returned to his employment but after about a week was forced to quit work. When he completed his final day of work he was unable to walk and had to crawl to his auto. The appellee thereafter consulted six physicians. He was hospitalized from March 27, 1967, to March 31, 1967, to permit the taking of a myelogram. The myelogram disclosed a large defect, which was diagnosed as a ruptured disc.

The appellee did not return to work and he testified at the hearing that he was unable to work. He related further that his back constantly pained him and that he suffered from a radiating pain in one of his legs. He testified that he was unable to bend or lift objects. The weights of patients and cots and stretchers he assisted in carrying into and out of ambulances were up to 350 pounds, he stated.

The appellee had "popped his back," as he put it, on other occasions but the pain had not persisted as it did on this occasion and the pain then experienced was below the belt-line and was not, as now, in the area of the belt-line. He had last had trouble with his back about a month before

the complained-of injury. However, this did not interfere with his performance of duties at the funeral home.

The appellee was the only witness in support of his claim at the hearing. There were no witnesses called in behalf of the appellant. However, five medical reports were introduced into evidence; one as an appellee's exhibit, two as joint exhibits, and two as exhibits of the appellant. One of the joint exhibits, the appellee's exhibit and one of the appellant's exhibits suggested the possibility of a disc injury. The appellant's other exhibit suggested a dislocation of the sacroiliac. The other joint exhibit, containing the myelographic report, indicated a diagnosis of a ruptured disc. None of the exhibits contained any expression of opinion concerning causation.

The appellant contends that the award by the Industrial Commission is against the weight of the evidence, as there was insufficient evidence of a causal relationship between the accident, as testified to by the appellee, and his disability. We do not agree.

This court's holdings are that it is primarily the function of the Industrial Commission to resolve disputed questions of fact, including those of causal connection and the extent of disability. We have stated that the function of this court is limited to a determination of whether findings of the Industrial Commission are against the manifest weight of the evidence. (*Precision Connecting Rod Service* v. *Industrial Com.,* 40 Ill.2d 277, 279; *Owens-Illinois Glass Co.* v. *Industrial Com.,* 39 Ill.2d 312, 316; *Grey* v. *Industrial Com.,* 35 Ill.2d 462, 465.) Too, we hold that if the evidence is conflicting or of a nature which permits the reasonable drawing of differing inferences, we will not set aside the award solely because we might have made a finding on the evidence different from the one made by the Commission or because we might have drawn inferences other than the ones reasonably drawn by the Commission. *Owens-Illinois Glass*

*Co.* v. *Industrial Com.,* 39 Ill.2d 312, 316; *Chicago Park District* v. *Industrial Com.,* 36 Ill.2d 212, 217.

We believe there is adequate support in the record for the Commission's findings. The appellee at the time of the occurrence complained at once of pain and told his employer, the appellant, who was with him, that he had injured his back. The pain persisted and he sought the assistance of several chiropractors. When he did not obtain relief he was examined by several physicians. Their reports suggested the possibility of a ruptured disc or a dislocated sacroiliac. The report made following myelography contains a diagnosis of a ruptured disc. This was consistent with and supported the subjective complaints of the appellee. The appellee testified that at the time of his claimed injury he was performing a duty requiring considerable physical effort, *viz.,* lifting a patient and cot from the appellant's ambulance, and that he had experienced great and immediate pain. No testimony was presented by the appellant or any evidence other than the two medical reports, to meet what would be a natural inference in support of the appellee's claim following his testimony and consideration of the reports. (*Cf. Calendar Packing Co.* v. *Industrial Com.,* 38 Ill.2d 506; *Oros* v. *Industrial Com.,* 37 Ill.2d 568; *City of Collinsville* v. *Industrial Com.,* 36 Ill.2d 425.) The reports the appellant did offer contained nothing as to the causation of the appellee's back condition and were not inconsistent with the appellee's testimony and medical reports.

There was evidence that the appellee had experienced prior difficulties with his back at intervals over a period of time and it is conceivable that his present back condition might have been due to either natural degenerative changes or an earlier injury. However, it cannot be said that it was unreasonable for the Commission to conclude that the September 20, 1966, injury had caused the appellee's present disability. (See *Chicago Park District* v. *Industrial Com.,*

36 Ill.2d 212.) The Commission's finding was not against the manifest weight of the evidence.

Contrary to the appellant's position, it was not necessary that causation be established through the testimony of a medical witness. Our observation in *Union Starch & Refining Co.* v. *Industrial Com.,* 37 Ill.2d 139, at 144, is pertinent: "We know of no case requiring a doctor's testimony to establish causation and the extent of disability, especially where, as here, the record contains the company doctor's report and hospital records showing findings of the employee's personal physician which are consistent with the employee's testimony."

The holding in *A. O. Smith Corp.* v. *Industrial Com.,* 33 Ill.2d 510, is distinguishable from the matter before us. There the only medical testimony was offered by the employer. The physician testified that the claimant's physical complaint was attributable to a nontraumatic degenerative process and not to a trauma sustained in employment. We judged that under all the circumstances the Industrial Commission's finding in favor of the claimant was contrary to the manifest weight of the evidence. Here, no medical testimony was presented by the employer-appellant and the medical reports received in his behalf were consistent with the award.

The judgment of the circuit court of Jersey County is affirmed.