(No. 42040.—

ALICE POPE, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(BAILEYVILLE GRADE SCHOOL DIST. No. 46, Appellee.)

*Opinion filed March 24, 1970.*

Burt, J., took no part.

Nettles and Mahoney, of Freeport, (Joseph B. Lederleitner and Francis X. Mahoney, of counsel,) for appellant.

George H. Schirmer, Jr., of Freeport, and Van Duzer, Gershon, Jordan & Petersen, of Chicago, (Horace W. Jordan, of counsel,) for appellee.

Mr. Justice Ward delivered the opinion of the court:

The claimant, Alice Pope, was a teacher employed by the respondent, Baileyville Grade School District No. 46. She slipped and fell on November 17, 1960, while descending stairs leading from the gymnasium of the school where she was employed. Her lower spine struck a metal grating and she sustained serious injuries. The respondent through its insurance carrier voluntarily paid the claimant $2,714 to cover total temporary disability payments and medical expenses incurred as a result of her injuries. The claimant on March 6, 1963, filed an application for adjustment of claim with the Industrial Commission. The respondent filed a motion to dismiss on April 5, 1963, on the ground that the last compensation payment had been made to the claimant on January 8, 1962, and that her application for adjustment of claim was barred, since it was not filed within one year from the date of the last payment of compensation as required by the Workmen's Compensation Act. (Ill. Rev. Stat.

50

1959, ch. 48, par. 138.6(c).) The arbitrator to whom the case was assigned made no ruling on the respondent's motion. He took evidence and entered an award for the claimant finding that she had been totally and permanently disabled. The award held that she was entitled to 281 weeks of compensation and a life pension. After deducting the amount the respondent had previously and voluntarily paid, the arbitrator found that $10,786 was due the claimant for unpaid compensation, $1,755 on the life pension liability and $4,862 for unpaid medical expenses.

The respondent filed a petition for review of the decision of the arbitrator contending that (1) the petition for adjustment of the claim had not been filed within one year after the date of the accident nor within one year after the date of the last payment of compensation, as required by section 6(c) of the Workmen's Compensation Act, and, therefore, the claim was barred by the statute of limitations; that this point had been raised before the arbitrator and had been properly preserved for review; (2) the arbitrator erred in his findings regarding the nature and extent of the disability of petitioner; and (3) the petitioner had not been injured in the performance of her duties. After oral argument the Industrial Commission, on December 28, 1967, using a printed form, entered an order reversing the decision of the arbitrator. The order included printing material finding "that the accidental injury did not result in any permanent disability or serious and permanent disfigurement for which compensation would be payable under the provisions of the Workmen's Compensation Act." On writ of *certiorari* the circuit court of Ogle County affirmed the decision of the Industrial Commission, finding that the "equities in this action [were] with the defendants—respondent Baileyville Grade School District No. 46 and Industrial Commission of Illinois." The claimant has appealed to this court.

The claimant argues that the decision of the Industrial

Commission reversing the arbitrator and the judgment of the circuit court affirming the decision are obviously erroneous. She claims that the award of the arbitrator was supported by substantial evidence, and since the respondent did not offer any contradicting evidence at any stage of the proceedings, the decision of the Commission, affirmed by the circuit court, that the accidental injury did not result in permanent disability is clearly contrary to the manifest weight of the evidence. Additionally, the claimant argues, though it cannot be decided here, that the respondent is estopped from contending that her claim for compensation was barred as untimely because of misleading statements of an employee of its insurer to the claimant. Further, any defense that there had not been a timely filing of a claim has been waived by the respondent since, while the defense was raised it was not pressed before the arbitrator, the Industrial Commission or the circuit court. The respondent, however, argues that its principal argument in defense throughout the litigation has been the limitations question and that at all stages of the proceedings it has contended that the application for adjustment of claim was not filed in time and that it was barred under the Workmen's Compensation Act. Contrary to the claimant's allegation that it waived this defense the respondent declares it vigorously pressed the defense before the arbitrator, in oral argumnt before the Industrial Commission and in its brief filed in the circuit court. The evidence clearly established that the claim was barred and this was, in fact, the respondent urges, the basis of the Industrial Commission's decision and the affirming judgment of the circuit court. During oral argument in this court the respondent said that the decision of the Industrial Commission, announced through the form order, was correct, though the basis of the decision was incorrectly stated because of the use of the printed form. The claimant's reply was that there is no evidence to support such an assertion and that the Commission's order which found

that no permanent disability had been sustained by the claimant implicitly found against the respondent's contention that the filing of the claim was not timely.

It is clear to us that this cause must be remanded to the Industrial Commission for clarification of its decision or for its reconsideration of the award by the arbitrator. The record establishes, and there is no serious challenge to this, that the question whether the claim was barred under the Workmen's Compensation Act was raised at each stage of the proceedings. It can hardly be argued that this defense was waived. Furthermore, the respondent declares without contradiction that this point was its primary defense before the arbitrator and in oral argument before the Industrial Commission. The briefs submitted to the circuit court by both parties stated that the sole issue in the case was whether the claim was barred under the Act. Considering the decision entered by the Industrial Commission from another view, there is doubt that it can be accepted as expressing the decision of the Commission. The evidence offered by the claimant at the hearings before the arbitrator certainly tended to show permanent injuries as a result of her accident. There was no substantial challenge to the claimed extent of injuries by the respondent before the arbitrator and none before the circuit court or here.

It is, of course, primarily the province of the Industrial Commission to resolve disputed questions of fact. The function of this court typically is limited to a determination of whether findings of the Commission were against the manifest weight of the evidence. See *Ketchum* v. *Industrial Com.*, 43 Ill.2d 166, 168; *Gubser* v. *Industrial Com.*, 42 Ill.2d 559, 562; *Precision Connecting Rod Service* v. *Industrial Com.*, 40 Ill.2d 277, 279; *Owens-Illinois Glass Co.* v. *Industrial Com.*, 39 Ill.2d 312, 316; *Grey* v. *Industrial Com.*, 35 Ill.2d 462, 465.

Therefore, because of the record before us we must reverse the judgment of the circuit court and remand the cause

to the Industrial Commission for a clarification of its decision on review and, if indicated, for a reconsideration of the award of the arbitrator.

Accordingly the judgment of the Ogle County circuit court is reversed and the cause is remanded to the Industrial Commission.

*Reversed and remanded.*

Mr. Justice Burt took no part in the consideration or decision of this case.