(No. 57230.—

JEROME LAWLESS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Arends Brothers, Inc., Appellee).

*Opinion filed May 18, 1983.*

Ronald N. Hanley, of Hanley, Traub & Hanley, of Fairbury, for appellant.

Moore & Associates, of Champaign, for appellees.

JUSTICE SIMON delivered the opinion of the court:

The Industrial Commission found that the claimant, Jerome Lawless, did not suffer an injury which arose out of and in the course of his employment, and the circuit court of Ford County confirmed this ruling. Lawless, in this appeal, contends that the Industrial Commission's decision was against the manifest weight of the evi-

dence.

Lawless worked for respondent, Arends Brothers, Inc., as a mechanic on farm tractors and was also a part-time farmer. Sometime in July 1979 he felt a lump in the groin region and consulted Dr. Somchai Supawanich, who found a bilateral inguinal hernia. Dr. Supawanich recommended surgery to repair the hernia, but Lawless decided not to have the surgery at that time, as he felt no pain. He continued working as he had before he consulted the doctor. On December 12, 1979, he felt a pain in his right groin area while at work for respondent installing a 150-pound wheel weight on a tractor. About three weeks later Lawless visited Dr. Supawanich and underwent surgery to repair the inguinal hernia; he remained off work until March 10, 1980, and had no subsequent symptoms.

The only significant piece of medical evidence introduced before the arbitrator or the Industrial Commission was a report by Dr. Supawanich dated February 1, 1980. This report attributed the pain of which Lawless complained to the hernia which he had found earlier, and stated: "To the best of my knowledge, because of having 'Direct' bilateral inguinal hernia, which is an acquired type hernia, I believe he developed [it] from physical lifting during employment within the year or so; not from any one recent injury as claimed of December 12, 1979." Lawless argues that because this report states that the hernia was caused by "physical lifting during employment" and his own undisputed testimony establishes that he first felt the pain while lifting a 150-pound weight for his employer, the only conclusion that is permitted by the evidence is that lifting on the job exacerbated a pre-existing hernia, thereby entitling him to compensation.

It is unclear from the copy of Dr. Supawanich's report found in the record whether, in stating that Lawless "developed [it] from physical lifting," Dr. Supawanich

was referring to the hernia or the pain. The word "[it]" is illegible, having apparently been pencilled in by Dr. Supawanich to replace the typed words "prominent discomfort" which he had crossed out. However, in speculating as to what might have caused what Dr. Supawanich referred to as "it," he stated that "it" arose "within the year or so; not from any one recent injury *as claimed of December 12, 1979.*" (Emphasis added.) Inasmuch as Dr. Supawanich noted elsewhere in his report that he had discovered the hernia in July 1979 and that the date December 12, 1979, was significant in that it marked the onset of pain, it would not be unreasonable for the Industrial Commission to have interpreted "[it]" to refer to pain rather than to the hernia.

If interpreted in this way, Dr. Supawanich's report could be taken as evidence that the pain Lawless experienced was not prompted or accelerated by any one specific accident but by accumulated stress over time. In addition, while the report stated "during employment," there is nothing in the record either to indicate that Dr. Supawanich was aware that Lawless also worked part-time as a farmer, or to show that farming required less heavy lifting than the job Lawless performed for respondent. Even though respondent introduced no evidence to show that Lawless did such lifting on the farm, Lawless presented no evidence to dispel the reasonable and natural inference that the farming of land might involve exertion of this sort. Without such evidence it would appear just as possible that the lifting "during employment" to which Dr. Supawanich referred occurred while Lawless was farming as that it occurred while he was working for respondent. Although the fact that pain is caused by a preexisting condition does not preclude a workers' compensation award if the condition is aggravated or accelerated by the employment (*Williams v. Industrial Com.* (1981), 85 Ill. 2d 117, 122; *County of Cook*

*v. Industrial Com.* (1977), 69 Ill. 2d 10, 17), the claimant bears the burden of showing that the condition was in fact aggravated by the employment (*Williams v. Industrial Com.* (1981), 85 Ill. 2d 117) and that the aggravation was attributable to a specific time, place and cause rather than to the effects of prolonged stress on the body (*Lyons v. Industrial Com.* (1983), 96 Ill. 2d 198, 203; *Lambert v. Industrial Com.* (1980), 79 Ill. 2d 243, 247; *International Harvester Co. v. Industrial Com.* (1973), 56 Ill. 2d 84, 90). Based on this reading of Dr. Supawanich's report, the Industrial Commission could have concluded that Lawless failed to make either of these showings.

Even if the word "[it]" in Dr. Supawanich's report were interpreted as a reference to the preexisting hernia rather than to pain, thus depriving the report of its evidentiary weight concerning the cause of the pain, we would still not find the fact that Lawless first felt pain after a lifting incident at work a sufficient reason in itself to reverse the determination of the Industrial Commission. The record contains no other evidence, medical or otherwise, that the lifting incident caused the pain, and while it is true Lawless claims that the weight he was lifting weighed 150 pounds, the record does not disclose whether other workers were helping him lift the weight or whether he had lifted any comparable weights the previous day while farming. As this court said in *A. O. Smith Corp. v. Industrial Com.* (1965), 33 Ill. 2d 510, 513: "It is true there was testimony that claimant first suffered pain in his back after the accident, but we cannot, without more, equate that pain with a back injury, or the aggravation of an existing condition, occurring at the time of the accident."

Although we might have reached a different conclusion on the evidence in this record had we been the trier of fact, we can reverse a factual finding of the Industrial

Commission only if it is against the manifest weight of the evidence. (*Greene v. Industrial Com.* (1981), 87 Ill. 2d 1.) We do not find that this is the case, and so we affirm the judgment of the circuit court.

*Judgment affirmed.*