## WILLIAM STEVENS

*v.*

## A. LEONARD PARK.

| 73 | 387 |
| 23a | 209 |
| 23a | 637 |
| 73 | 387 |
| 134 | 194 |
| 73 | 387 |
| 35a | 590 |
| 73 | 387 |
| 165 | 76 |
| 73 | 387 |
| 89a | [3]833 |
| 73 | 387 |
| j202 | [3]521 |

1. BANK CHECK—*as a payment of a debt.* The acceptance of a bank check by a creditor is not an absolute payment of the drawer's debt, but is a conditional payment.

2. SAME—*effect of, on deposit.* A bank check is presumptively drawn on a previous deposit of funds, and is an absolute appropriation of so much in the hands of the bank, to remain there until called for.

3. SAME—*duty of holder to present and give notice of dishonor.* While the holder of a bank check does not lose his recourse on the drawer by the mere act of delay, still it is his duty to present the check for payment within a reasonable time, and give notice to the drawer of its dishonor within a like reasonable time, and if he fails to do so, the delay is at his peril.

4. SAME—*burden of proof.* By failing to give notice to the drawer of a check of its non-payment, within a reasonable time, the holder assumes the

burden of showing that his failure to obtain payment was through no fault of his, and that no damage has accrued to the drawer by his delay.

APPEAL from the Circuit Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was a suit originally brought before a justice of the peace, by Stevens against Park. The defendant claimed a set-off upon a bank check for $200, drawn by the plaintiff in favor of A. L. Park, upon which there was $100 paid. The court below gave judgment in favor of the defendant for $12.72 and costs, and the plaintiff appealed.

Mr. F. W. S. BRAWLEY, for the appellant.

Mr. NELSON MONROE, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The only question discussed in the present case is, was the burden on the holder of the bank check of showing that no damage had accrued to the drawer by his omission to give notice of the non-payment of the check?

It was held in *Howes* v. *Austin*, 35 Ill. 396, and *M. and F. Insurance Co.* v. *Fischer et al.* 30 id. 403, cited in appellee's brief, that, as between the holder and the drawer, a demand, at any time before suit brought, is sufficient, unless it appears that the drawee has failed, or the drawer has, in some other manner, sustained injury by the delay; but in neither of those cases was it decided, nor was the question before the court, upon whom the burden of making proof is, in the first instance, cast. In *Willets* v. *Payne*, 43 Ill. 433, it was, however, expressly held, the burden is on the holder to show that no loss accrued to the drawer, through his delay in giving notice of the non-payment of the check.

The acceptance of the check by the holder was not an absolute payment of the drawer's debt; it was, however, a conditional payment. Story on Bills, § 419; *Smith* v. *Miller*, 43 N. Y. 173. It was presumptively drawn on a previous deposit of funds, and was an absolute appropriation of so much in the

hands of the bank, to remain there until called for. Story on Promissory Notes, § 489; *Little* v. *The Phenix Bank*, 2 Hill, 427; *Conger* v. *Armstrong*, 3 Johns. Cases, 5; and *Conroy* v. *Warren*, id. 259. Although the holder of the check did not, by the mere act of delay, lose his right of recourse on the drawer, still it was his duty to present the check for payment within a reasonable time, and give notice to the drawer of its dishonor within a like reasonable time; and if he failed to do so, the delay was at his peril. Story on Promissory Notes, § 492. By his omission he assumed the burden of showing that the failure to obtain payment of the check was through no fault of his; and, necessarily, that no damage had occurred to the drawer by his delay. Story on Promissory Notes, § 498; Chitty on Bills (8 Am. Ed.), 355; 2 Greenleaf's Evidence, § 195 a; *Conger* v. *Armstrong*, *Conroy* v. *Warren*, *Little* v. *Phenix Bank*, and *Smith* v. *Miller*, *ubi supra;* *Hoyt* v. *Seeley*, 18 Conn. 353; *Daniels* v. *Kyle*, 1 Ga. 304.

The judgment is reversed and the cause remanded.

*Judgment reversed.*