JOHN MADDEROM AND HENRY DEYOUNG

v.

THE HEATH & MILLIGAN MANUFACTURING COMPANY,

FOR USE, ETC.

*Banks — Parties—Amendment—Private Banker—Insolvency—Check—Presentation—Advancements by National Bank upon Check of—Laches.*

1. It is a debtor's duty to seek his creditor if he is within the State.

2. The objection that a suit was brought by the wrong party may be removed by amendment in the trial court.

3. The neglect of the payee of a check to present the same the day succeeding that upon which it was given, imposes upon him only the risk of whatever damage may result to the maker therefrom.

4. In an action by a bank to recover from the drawers of a check paid by it in conformity with an arrangement with the private banker upon whom it was drawn, to receive at the clearing house and to advance money upon checks drawn upon him, the same to be subject to his approval, settlements to be made each day, said banker subsequently becoming insol·vent, this court holds that the failure of said bank to return the check in suit to the bank that sent it, by a certain hour in the day, subjected it to the risk that such bank had, after the expiration thereof, changed its position so that a subsequent return would work them an injury that would not have occurred had it been returned within the time limited for that purpose, and declines to interfere with the judgment for the plaintiff.

[Opinion filed April 21, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Mr. HUGH L. BURNHAM, for appellant.

Messrs. McMURDY & JOB, for appellee.

Between drawer and payee, the former must stand the loss if the bank fails before the close of business hours on the day after the check is given. Bickford v. First National, 42 Ill. 238; Daniel on Neg. In., Sec. 1590 (1); Syracuse v. Collins, 3 Lansing, 32.

After the drawee bank has failed it is not necessary to pre-

sent checks drawn upon it, as no loss could accrue to the drawer by not doing so.   Daniel, Sec. 1591; Syracuse v. Collins, *supra.*

The maker of a check is not discharged by the *laches* of the holder unless he has suffered loss thereby.   Stewart v. Smith, 17 Ohio St. 85; Swift v. Jones, 2 Bush (Ky.), 105; Syracuse v. Collins, *supra.*

Obviously neither by implied contract nor because of the error of the inexperienced clerk of the Fort Dearborn National Bank, can the appellants claim anything unless they have sustained loss thereby.   They having failed to show any loss thus occasioned, the judgment of the court below should be affirmed.

Gary, P. J.   Whether this action should have been in the name of the Fort Dearborn National Bank, for whose use the appellees sue, is a question which, if it could be made here for the first time, the parties waive, and desire a decision on the merits.   If such an objection had been made at the Circuit Court it could have been removed by amendment.   McDowell v. Town, 90 Ill. 359.

The facts are that August 31, 1888, the appellants made their check for $120.25, payable to the appellee, on William A. Swart & Co., bankers at Roseland, a part of Chicago about twenty Sabbath days' journey from the business center of the city, and delivered it to the appellees.   They indorsed it to the First National Bank, who the next morning sent it to the clearing house.   Swart was the whole of his bank, and had an arrangement with the Fort Dearborn National Bank that the latter should receive at the clearing house and pay checks upon him, and that between one and half past one of each day, he or his representative would come to the latter bank, and such checks as he did not want to pay, the bank would return to the bank which sent them to the clearing house, who would refund, and such as he did want to pay he gave a check for on the Fort Dearborn National Bank, with which he kept an account.   In the morning of the first day of September, Swart absconded, and his bank having been opened,

was closed at about ten 10 o'clock A. M., of which the appellants had immediate knowledge, their place of business being within two hundred feet of Swart's bank. He paid no attention to his checks with the Fort Dearborn National Bank, and his account there was overdrawn.

This bank had a new clearing house clerk, who had not learned his business, and held the check until after two o'clock P. M., at which hour, it is by the parties here assumed, that the right of the Fort Dearborn National Bank to return the check to the First National Bank, under the rules of the clearing house, expired. The appellants had more than enough money on deposit with Swart to pay the check.

All of Swart's effects went into the hands of a receiver, and no demands upon him have been paid since his bank closed, except through the receiver. The record does not expressly show, but it is a fair conclusion from it, that this check was never presented at Swart's bank, or to the receiver, for payment, but the Fort Dearborn National Bank, by letter, notified the appellants that the bank held the check, and requested payment. It does not appear that the check has ever been tendered to the appellants.

Now, leaving for the present out of view the clearing-house feature of this case, and also the relations of the Fort Dearborn National Bank with Swart, it is clear that the bank, either in its own name, or in the present action, and it now makes no difference which, would, under the authorities in this State, without looking further, have a right to recover the judgment they have obtained. The appellees had all the business hours of September 1st in which to present the check. Bickford v. National Bank, 42 Ill. 238.

Neglect in that regard only imposed upon them the risk of whatever damage might result to the appellants from it. Stevens v. Park, 73 Ill. 387, and cases there cited.

Here no damage resulted. When the Fort Dearborn National Bank notified the appellants that the bank held the check, and wanted payment, their duty to pay became fixed. They knew at ten o'clock in the morning of September 1st, that unless the check was already paid, it would not be.

Madderom v. Heath & Milligan Mfg. Co.

Any presentment of the check at Swart's bank thereafter would have been idle. No injury could result from omitting it. Syracuse v. Collins, 3 Lansing, 29.

When notified that the Fort Dearborn National Bank held the check, it became their duty to go to the bank and pay the check. While the practice is that creditors follow debtors, the law is that the debtor must seek the creditor if he is within the State. Bishop, Cont., Sec. 1437.

Now as to the clearing house feature and the relations between Swart and the Fort Dearborn National Bank. The latter did not pay checks drawn on Swart, but advanced the money upon them, subject to his approval, whether such advance should operate as payment. If he disapproved, the bank had no claim upon him for reimbursement.

The law, therefore, that a bank paying a check purporting to be drawn upon it by a customer, has no redress against an innocent receiver of the money, whatever mistake, fraud or forgery may have intervened, so that it does not touch the title of such receiver to the paper itself, has no application here. When Swart did not accept, as paid on his account, a check received through the clearing house, it was incumbent upon the bank to return it to the bank that sent it to the clearing house by two o'clock the same day.

The consequence of their failure so to return it was—and it was the only consequence that they took upon themselves— the risk that the bank sending the check had, after the expiration of the time for the return of the check, changed its position, so that a subsequent return would work them an injury that would not have come if the check had been returned within the time limited for that purpose. The Massachusetts cases all reviewed in Merchants' Bank v. Commonwealth Bank, 139 Mass. 513, cover the whole ground.

A reference to those cases without repeating what is said there, is sufficient for the present case.

*Judgment affirmed.*