Summit Mall, Inc., Appellant, v. Guran et al., Appellees.

[Cite as Summit Mall, Inc., v. Guran, 7 Ohio App. 2d 53.]

(No. 5749—Decided June 30, 1966.)

Messrs. Buckingham, Doolittle & Burroughs, Mr. Richard A. Chenoweth and Mr. Timothy F. Scanlon, for appellant. Messrs. Burroughs, Gillen & Miller, for appellees.

Skeel, J. This appeal comes to this court on questions of law from a judgment and decree for the defendants entered after trial to the court in the Court of Common Pleas of Summit County. The action is one seeking specific performance of a contract to sell certain real property as described in an option agreement. The defendants, owners, gave the Spalding Realty, Inc., an exclusive option to buy certain sublots described in

the option for the purchase price of sixty thousand dollars. Spalding assigned the option to Colonial Corporation, which corporation, for a stated consideration (in one instance paying one thousand dollars therefor), procured from Spalding, acting as the agent of the owner defendants, an extension of such option to December 31, 1963.

On December 30, 1963, Colonial advised Spalding and the defendants in writing that it had elected to exercise "the option to purchase" and with the written aceptance deposited Colonial's check payable to Spalding for the sum of forty nine hundred and ninety dollars, claiming thereby to comply with the terms of the option. The option, in part, provided:

"A. It is expressly agreed that notwithstanding any other provisions hereof, this instrument shall be construed as an exclusive option to buyer to purchase subject premises for the price and upon the terms and conditions herein stated; and that the agreement evidenced hereby shall be null and void and of no force or effect to bind either party unless on or before the 25th day of February 1963 [this date was extended to December 31, 1963, on paying a consideration therefor] at five o'clock p. m. the buyer delivers written notice to the seller or broker [meaning Spalding] as agent for the seller of his intention to exercise the option. Such written notice to be effective shall be accompanied by payment into escrow to the broker of the sum of four thousand nine hundred ninety and no/100 dollars, ($4,990.00.)

"B. The seller acknowledges receipt of $10.00 as consideration for granting this option. In the event that this option is exercised by the buyer, the aforesaid $10.00 and $4,990.00 shall be treated as an earnest deposit to apply on the purchase price as set forth above."

There is some evidence in the record to the effect that at the time Colonial, through its attorney (who was not an officer of Colonial), delivered the check for $4,990 to Spalding, he (the attorney) asked Spalding not to deposit it, it being claimed that he stated that there were not sufficient funds on deposit to cover it. The defendants claim that their agent, Spalding, did not report this alleged fact to them, which claim is supported by a letter written by defendants' attorney in an attempt to cancel the option agreement, which letter enclosed a check to

Colonial for $4,990, said by the writer of the letter (dated June 10, 1964) to be the return of the down payment. Spalding retained possession of the check of Colonial from the day it was received (December 30, 1963) until the day this case was called for trial, the check never having been presented to the bank for payment. Spalding made no claim that it was waiting for Colonial's direction to deposit the check.

After the letter of acceptance and the deposit of the check with Spalding, the parties proceeded to carry out the terms of the option agreement. On February 19, 1964, fifty one days (forty one days late) after the date of the acceptance, defendants delivered to Spalding a properly executed warranty deed for the property described in the option. Some question of securing a mortgage release, not too clearly defined in the record, seems to have engaged the attention of Spalding and Colonial's legal representative from then until June 5, 1964, when Spalding wrote Colonial:

"We are hereby advising you this date we now have in our escrow file a satisfied mortgage from Mr. D. E. Cummins for the above listed property. We request that you now comply with the remaining terms of the contract."

Spalding was then advised by letter dated June 8th that Bankers Guarantee Title and Trust Company had been selected to handle the closing of the transaction, which letter directed Spalding to file the deed and other papers with Bankers, including escrow instructions.

Spalding drew up the escrow instructions, which letter shows it to have been written June 9th, but the letter was not delivered because of the directions of the defendants not to do so. The record also shows that plaintiff (Summit Mall), which corporation became the assignee of Colonial's rights under the option agreement at the time Bankers was selected to close the sale under the option agreement as herein described, deposited, and at that time Bankers received, the necessary money in escrow to its credit to make payment of the entire purchase price and all other expenses chargeable to Summit Mall.

On June 10, 1964, the defendants, by letter, attempted to cancel the option agreement, the letter stating, in part:

"This is your notice that the sellers are terminating the option and are considering the contract cancelled for your

failure to comply with the closing provision of the option. We further enclose the down payment which has been tendered by you in the amount of $4,990.00.''

The plaintiff's amended petition alleges, in addition to the facts as above set out, that it or its predecessors in interest had performed all the requirements of the option agreement to entitle plaintiff to the performance of the option. It alleges also that defendants failed to deposit the deed as required by the option agreement within ten days of the date of the exercising of such option.

The separate amended answers of the defendants admit the allegations of the amended petition, except that each defendant affirmatively alleges that the attempted performance of the option agreement by plaintiff was not in accordance with the terms thereof, and, further, defendants say that if the option agreement was exercised by Colonial Corporation, which defendants deny, the Colonial Corporation failed to deposit the required purchase money within the time provided and in accordance with the terms and provisions of the option agreement.

The trial court based its judgment and decree for the defendants on the sole ground that the deposit of a check with Spalding on December 30, 1963, which the sellers' agent claims to have been told not to deposit, did not fulfill the requirements for exercising the option agreement. Likewise, the defendants declare that the sole issue in this case is—Did the Colonial Corporation by its deposit of a check in the sum of $4,990, being the amount required to be deposited to exercise the option, which check it is claimed was delivered with instructions to Spalding not to deposit it because there were no funds with which to pay it, constitute a proper exercise of the provisions of the option agreement? Any claim that the plaintiff was guilty of laches as set out in defendants' letter canceling the option has been abandoned by the defendants. Such claim is not supported by the record. As the parties dealt in this transaction, time was not of the essence.

An examination of the option agreement shows that Spalding was the defendants' agent with whom plaintiff's predecessor was required to deal in accepting the option. The agreement as above quoted, in part, provides:

''* * * unless on or before the 25th day of February 1963 at five o'clock p. m., the buyer delivers written notice to the

seller or broker as agent for the seller of his intention to exercise the option. Such written notice to be effective shall be accompanied by a payment in escrow to the broker of the sum of four thousand nine hundred and ninety and no/100 dollars, ($4,990.00)."

There was no obligation on defendants' agent to make any promises to the buyer or to withhold a check given under the option agreement from deposit. The record does not show any authority on the part of plaintiff's agent, who made delivery of the written notice of its acceptance, to limit in any way the use of or the deposit of the check delivered to Spalding at that time. Certainly, after the check was delivered, it was in the exclusive possession of defendants' agent who could deal with it as his duty on behalf of the defendants required and over, which the plaintiff had no control.

When a money obligation is met by use of a check, it is the duty of the payee to deposit such check if he wants to determine whether such conditional payment has become absolute. The question under such circumstances is not the state of the drawer's account but rather whether the bank will and does recognize the order by making payment upon demand. When payment is made by the bank on the date a check is first deposited or presentation is made, the date of the payment is the date the check was delivered to the payee and not the date the check is cashed. Whatever Spalding did with this check, it did as the agent of the sellers under the terms of the option agreement, and such conduct cannot affect the rights of the plaintiff. The trial court should have held that the plaintiff or its predecessors in title performed in complete detail the terms of the option agreement.

The judgment and decree for the defendants is, therefore, reversed, and, since the question here determined is a question of law, final judgment is entered for the plaintiff. The cause is remanded to the trial court with instructions to enter a decree for the plaintiff of specific performance and for further proceedings according to law.

*Judgment reversed.*

DOYLE, P. J., and BRENNEMAN, J., concur.

SKEEL, J., of the Eighth Appellate District, sitting by designation in the Ninth Appellate District.