(No. 43276.—

CONSOLIDATED FREIGHTWAYS, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(BERNARD BERMES, Appellee.)

*Opinion filed April 1, 1971.*

Morris, Liss, Arnold & Hennessy, of Chicago, (V. J. Liss, of counsel,) for appellant.

John Cavan, of Billings Montana, and William P. Landon, of Chicago, for appellee.

Mr. Justice Ryan delivered the opinion of the court:

The arbitrator dismissed Bernard Bermes's (claimant's) application for adjustment of claim because the same was not filed within the period of one year after the date of the last payment of compensation as required by section 6 of the Workmen's Compensation Act. (Ill. Rev. Stat. 1965, ch. 48, par. 138.6.) The Industrial Commission reversed the decision of the arbitrator, finding that the application for adjustment of claim had been timely filed, awarded the claimant 20% loss of use of the left leg and ordered Consolidated Freightways, his employer, to pay him $57.50 a week for 40 weeks. The circuit court of Cook County confirmed the Industrial Commission's finding and order. This is a direct appeal from the order of that court. Ill. Rev. Stat. 1965, ch. 48, par. 138.19(f)(2).

Claimant was an over-the-road truck driver for Consolidated Freightways. On January 11, 1965, as he was getting out of his tractor, he stepped on a piece of pipe on the floor of the cab and fell out backwards. He was treated for his injuries in Chicago and then returned to his home in Laurel, Montana, where he was under the care of a doctor until May 20, 1965. He returned to work about June 1,

1965. He was paid compensation for temporary total disability by his employer during this period. Compensation was paid in the form of claim drafts presented through a bank in Portland, Oregon. These drafts were made up in the employer's office in Portland, mailed to its office in Chicago and were in turn forwarded to the claimant in Laurel, Montana. He received the last claim draft on May 3, 1965, and received cash for the same from the Yellowstone Bank of Laurel, Montana, on May 6, 1965. The bank in turn forwarded the draft to the Portland Bank for payment. The claimant filed his application for adjustment of claim with the Industrial Commission on May 4, 1966. We are of the opinion that the application for compensation was not filed within one year after the date of the last payment as required by statute and that the right to file the same is therefore barred pursuant to the provisions of section 6 of the Workmen's Compensation Act.

The deceptively simple question presented is, what constitutes payment when the same is made in the form of a check or a draft? The employer contends that the receipt of the draft by the claimant on May 3, 1965, constituted the last payment of the compensation. The claimant contends that payment was not received by him until he presented the draft to the Laurel, Montana, bank and received payment from the bank on May 6, 1965.

In support of his position, the claimant cites *Stephens Engineering Co.* v. *Industrial Com.*, 290 Ill. 88. In that case it was contended that the claimant had not made her claim or demand for compensation within six months from the last payment of compensation as required by the statute then in effect. The check covering the last payment was dated February 10, 1917, and was forwarded to the claimant along with a receipt also dated February 10, 1917. The claimant signed the receipt and returned it. The claimant testified however that she received the check on February 19, 1917, and she cashed it at her local bank on the same date. Her

demand for compensation was made on August 18, 1917. The respondent contended that February 10, 1917, the date on the signed receipt, was the date of payment. The court held that the date on the receipt did not actually show the date that the check had been received by the claimant. Although it appeared from the evidence that the claimant had received the check and cashed it the same day, the court made the following statement at page 93: "We do not, however, agree with counsel for plaintiff in error that the receipt of a check is payment. Such is not the rule in this State. The receipt of a check is not payment of a debt until such check is honored, unless accepted as such." The above statement by the court is not an erroneous statement of the law; however, it is incomplete. Although a broader and more complete statement of the principle of law may not have been necessary to the decision in the *Stephens* case, it appears that this pronouncement has misled the claimant in the case now before us.

In the absence of an agreement otherwise providing, or the consent of the creditor to receive some other medium, payment may be made only in money. (70 C.J.S., Payment, sec. 13; 40 Am. Jur., Payment, sec. 40.) However, by agreement either expressed or implied, or when the creditor so consents, payment may be made by furnishing, transferring or delivering anything of value. 70 C.J.S., Payment, sec. 22; 40 Am. Jur., Payment, secs. 40-54.

As stated in *Stephens,* in the absence of such an agreement or consent, the giving of a draft or a check by a debtor to the payee is not a payment or discharge of the debt. However, the same does constitute a conditional payment of the obligation, the condition being its collectibility from the bank on which it was drawn. 70 C.J.S., Payment, sec. 24; 40 Am. Jur., Payment, sec. 72; *In re Estate of Cunningham,* 311 Ill. 311; *Bailey v. Pardridge,* 134 Ill. 188; *Stevens v. Park,* 73 Ill. 387; *Heartt v. Rhodes,* 66 Ill. 351.

The condition that the check be paid on presentation to

the bank on which it is drawn is a condition subsequent. (*Commissioner of Internal Revenue* v. *Bradley* (6th cir., 1932), 56 F. 2d 728; *Paris* v. *Carolina Builders Corp.*, 244 N.C. 35, 92 S.E. 2d 404.) When the check is paid on presentment the condition to which the payment was subject is performed and what had been a conditional payment at the time of the delivery of the check becomes an absolute payment and such payment relates back to the time the check was delivered to the payee. (*Duke* v. *Sun Oil Co.* (5th cir., 1963), 320 F.2d 853; *Muldrow* v. *Texas Frozen Foods* (1957), 157 Tex. 39, 299 S.W.2d 275; *Texas Mutual Life Insurance Association* v. *Tolbert,* 134 Tex. 419, 136 S.W.2d 584; *Hooker* v. *Burr,* 137 Cal. 663, 70 P.778, affirmed in 194 U.S. 415, 48 L. Ed. 1046; *Ogier* v. *Pacific Oil and Gas Development Corp.*, 135 C.A. 2d 776, 288 P.2d 101; 70 C.J.S., Payment, sec. 24; 40 Am. Jur., Payment, sec. 86.) The date of payment then becomes the date the check was delivered to the payee and not the date that the same was cashed or deposited at the bank or the date that the same was paid by the bank on which it was drawn. *Summit Mall, Inc.* v. *Guran* (1966), 7 Ohio App. 2d 53, 218 N.E.2d 637.

This construction is in accord with the provisions of section 2—511 and section 3—802 of the Uniform Commercial Code as reflected in the comments thereto. S.H.A. ch. 26, § 2—511, Illinois Code Comment 3, subsection (3), Uniform Commercial Code Comment 3, and § 3—802, Illinois Code Comment, subsection (1)(b), Uniform Commercial Code Comment 3.

*Paris* v. *Carolina Builders Corp.*, 244 N.C. 35, 92 S.E.2d 405, involved a problem similar to that now before this court. The North Carolina Compensation Act provided for review of a compensation award within 12 months after the last payment of bills for medical expenses or other treatment. The last payment had been by draft delivered to the employee on November 1, 1952. The employee endorsed it and received cash for it at a bank on November 3, 1952. It

was paid by the bank on which it was drawn on November 7, 1952. The employee filed his application for additional compensation on November 4, 1953, and contended that the date of his last payment had been November 7, 1952, the date the draft was paid by the bank on which it was drawn. The court held that the payment by draft was a conditional payment. When the draft was paid by the bank on which it was drawn, the condition subsequent was satisfied. The payment related back to the time that the draft was delivered to the payee and payment was deemed to have been made at that time—that is, November 1, 1952. The court held that the application for additional compensation had not been filed within one year from the date of the last payment.

In *Samland* v. *Ford Motor Co.*, 123 Neb. 819, 244 N.W. 404, it was held that the giving of a substitute check in place of a check which had never been cashed did not constitute payment under the Workmen's Compensation Act so as to extend the time within which a petition for additional compensation could be filed. The court held that the date of payment was the date of delivery of the original check.

In our case, when the claimant, Bermes, received the claim draft in Laurel, Montana, on May 3, 1965, the same constituted a conditional payment of the compensation for the period covered, the condition being that the draft would be paid when presented. The draft was ultimately presented and paid. Under the law above cited, this payment related back to the date the claimant received the claim draft on May 3, 1965, which thereby became the date of the last payment of compensation. Since the claimant did not file his application for adjustment of claim until May 4, 1966, the same was not filed within one year of the date of the last payment as required by section 6 of the Workmen's Compensation Act. The finding of the Industrial Commission that the date of the last payment was May 6, 1965, the date that the draft was cashed by the claimant at a bank, was

error. To so hold would be to place it within the power of the payee to extend indefinitely the period within which a claim under the Act could be filed by simply refusing to cash a check or draft given in payment. The affirmance of the determination of the Industrial Commission by the circuit court of Cook County must be reversed.

*Judgment reversed.*