(No. 44968

ALICE POPE, Appellant, v. THE INDUSTRIAL COMMIS-
SION *et al.*—(Baileyville Grade School District No. 46,
Appellee.)

*Opinion filed Jan. 26, 1973.—Rehearing denied March 27, 1973.*

NETTLES, MAHONEY and MAHONEY, LTD., of Freeport (FRANCIS X. MAHONEY and MICHAEL MAHONEY, of counsel), for appellant.

VAN DUZER, GERSHON, JORDAN & PETERSEN, of Chicago (JOHN B. VAN DUZER and HORACE W. JORDAN, of counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

This workmen's compensation case is before the court for the second time. In *Pope v. Industrial Com. (1970), 45 Ill.2d 48,* we remanded it to the Industrial Commission for clarification of its decision which had reversed the arbitrator's award and denied compensation to the claimant, Mrs. Alice Pope, on the stated ground that the accidental injury did not result in any permanent disability. On remand the Commission heard additional oral argument, made additional findings of fact, and again denied compensation, this time stating that it was "without jurisdiction because the Application for Adjustment of Claim was not filed within the time provided under section 6(c) of the Illinois Workmen's Compensation Act." (Ill. Rev. Stat. 1961, ch. 48, par. 138.6(c).) The circuit court of Ogle County affirmed, and the claimant has appealed.

On November 17, 1960, the claimant, a school teacher employed by the respondent, Baileyville Grade School District No. 46, slipped and fell while descending the stairs leading from the gymnasium of the school. Her lower spine struck a metal grating and she sustained serious injuries. During the seven years following the accident she was hospitalized on several occasions and underwent surgery on her back. She has been unable to work. There was medical testimony, uncontradicted, that she suffers from the residual effects of a ruptured lumbo sacral intervertebral spinal disc and bilateral nerve involvement and a severe case of traumatic neurosis, all caused by her fall on

November 17, 1960, and that she is totally and permanently disabled from performing any type of remunerative work. The only question in the case is whether her claim for compensation is barred by section 6(c) of the Workmen's Compensation Act, which provides:

"In any case, unless application for compensation is filed with the Commission within 1 year after the date of the accident, where no compensation has been paid, or within 1 year after the date of the last payment of compensation, where any has been paid, the right to file such application shall be barred." Ill. Rev. Stat. 1961, ch. 48, par. 138.6(c).

Section 8(a) of the Act provides:

"The furnishing of any such [medical] services or appliances by the employer shall not be construed as the payment of compensation." Ill. Rev. Stat. 1961, ch. 48, par. 138.8(a).

The claimant received temporary total disability payments from the respondent's insurance carrier until January 6, 1962. Her application for compensation was not filed until March 6, 1963. The contention that the claim was not filed within the time prescribed has not been waived, and the question is whether the respondent is precluded by its conduct from relying upon the bar of the statute.

The Industrial Commission, on remand, made the following pertinent findings:

" * * *

6. That the last payment of temporary compensation by the respondent was made by check issued January 8, 1962.

7. That in response to petitioner's written request, the respondent issued a draft in the amount of $96.94 to the petitioner for reimbursement of medical expenses; this draft did not constitute payment of temporary compensation benefits.

8. That subsequently, petitioner's attorney inquired of a representative of the respondent if this (the draft for $96.94) was the last compensation payment that she received and he said, 'yes'.

9. That petitioner's attorney never saw nor attempted to see any drafts issued to the petitioner but relied on the conversation with the respondent's representative in filing the claim.

10. That an Application of Adjustment of Claim was filed in this cause on March 6, 1963, more than one year from the date of the last payment of temporary compensation.

11. That the respondent raised the defense of the statute of limitations at the initial hearing on arbitration in September of 1963 and at all appropriate times thereafter.

12. That therefore the Commission is without jurisdiction because the Application for Adjustment of Claim was not filed within the time provided under Section 6(c) of the Illinois Workmen's Compensation Act.."

On *certiorari* to review the second decision of the Commission, the judge of the circuit court of Ogle County stated: "The only issue is whether the claim was barred by the Statute of Limitations. It was and I am not persuaded that the respondent is estopped to rely on the statute." This order confirming the decision of the Commission contained the following findings: "1. The claim of the Petitioner, Alice Pope, is barred by the Statute of Limitations. 2. The Respondent, Baileyville Grade School District No. 46, is not estopped from relying on the Statute."

There is ambiguity in the second order of the Commission. In this court the claimant has expressed the view that the Commission's determination that it lacked jurisdiction necessarily means that it did not decide whether the respondent was estopped from asserting the defense of limitations. The respondent's position is that the defense of estoppel was available before the Commission and that the Commission ruled that the respondent was not estopped. And the respondent argues further that because the Commission's conclusion is not contrary to the manifest weight of the evidence, its ultimate determination should be affirmed.

Although the Commission used the language of jurisdiction in its order, the circuit court did not read the Commission's ruling as a technical denial of jurisdiction but rather as a finding that the claim was barred by limitations. This view is consistent with the opinion of this court in *Railway Express Agency v. Industrial Com. (1953), 415 Ill. 294, 300-301,* which held that the failure to file an application for compensation within the statutory period did not deprive the Commission of jurisdiction. In our opinion the circuit court correctly held that the issue was one of limitations rather than jurisdiction, and we therefore turn to a consideration of whether the ruling of the Commission on the question of estoppel was contrary to the manifest weight of the evidence.

The attorney who originally represented the claimant testified: "*** I told her in the beginning that if it was going to be something we could settle without filing a petition, without having a big long hearing I would handle it, but if it wasn't then she ought to come up here to Mr. Nettles because the doctors were in Freeport and the hospital was in Freeport and it would be a lot simpler for her." He also testified that he had dealt with an adjuster for the respondent's insurance company with respect to the claim, and in response to a question by respondent's attorney as to how many conferences he had had with the adjuster, he said that he had talked to the adjuster on three or four occasions. He also testified that the claimant had given him a letter from the adjuster, dated May 9, 1962, which stated, "We have forwarded to you on 4-24-62 our draft in the amount of $96.94 which I hope you have received." The attorney testified that after the letter had been given to him he called the adjuster and "I asked him if this was the last compensation payment that she received and he said,'Yes'."

On behalf of the respondent, the claim manager of its insurance company, an attorney, testified that files in workmen's compensation cases are described inside his

company as "compensation files" and that any type of payment made in that compensation file is called a compensation payment. On cross-examination, however, he acknowledged that the adjuster knew the difference between a compensation payment and a medical payment and between a medical payment and a temporary total disability payment, and knew that the statute of limitations is based upon the latter, rather than the former. In response to the question, "If I called you up on the phone and I said 'When is the last time you paid compensation in the given case,' you would know what I meant?", the witness answered, "I could give you a figure for medical, T.T. [sic]. I don't have to tell you what the last payment was for unless you come out definitely and ask what it was for."

From the testimony of the claim manager it appears that the insurance company was using its own vocabulary which, if it was not designed to mislead one who made inquiry, certainly had that potential. And in this case it actually had that effect, for the Commission found that the claimant's attorney "relied on the conversation with the respondent's representative in filing the claim."

It is thus clear that all of the elements necessary for estoppel are present in this case. The representation was one of a fact already within the adjuster's knowlege, and it can hardly be supposed that he did not intend that it should be relied upon. We conclude, therefore, that the finding of the Commission, implicit in its order, that the respondent was not estopped by its conduct to assert the defense of limitations was contrary to the manifest weight of the evidence. The judgment of the circuit court of Ogle County is therefore reversed, and the cause is remanded to the Industrial Commission, with directions to reinstate the award of the arbitrator.

*Reversed and remanded, with directions.*