(No. 47349

KASKASKIA CONSTRUCTORS, Appellant, v. THE IN-DUSTRIAL COMMISSION *et al.*—(Elvin L. Robertson, Appellee.)

*Opinion filed Sept. 26, 1975.—Rehearing denied Nov. 21, 1975.*

RYAN, J., and UNDERWOOD, C.J., dissenting.

Keefe and De Pauli, of East St. Louis, for appellant.

Listeman, Bandy & Hamilton, of Belleville (Charles E. Hamilton, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

In a hearing before an arbitrator for the Industrial Commission, the parties stipulated that petitioner Elvin L. Robertson had suffered an accidental injury arising out of and in the course of his employment by respondent Kaskaskia Constructors, that workmen's compensation had been paid for a period of seven weeks and that the matters in dispute were whether petitioner's application for adjustment of claim had been timely filed and the nature and extent of petitioner's disability. The arbitrator found that the application for adjustment of claim had not been filed within one year of the date of the last payment of compensation and denied petitioner's claim. On review no

additional evidence was offered and the case was submitted on the record made before the arbitrator. The Industrial Commission set aside the decision of the arbitrator, found that the disabling condition resulting from the injury was temporary and had not reached a permanent condition and entered an award pursuant to section 19(b) of the Workmen's Compensation Act (Ill. Rev. Stat. 1969, ch. 48, par. 138.19(b)). On *certiorari,* the circuit court of St. Clair County confirmed the decision of the Industrial Commission and respondent appealed. Supreme Court Rule 302(a).

Petitioner was injured on June 18, 1971. Enclosed in a letter mailed by respondent on March 29, 1972, and received by petitioner the next day, was a draft in payment of temporary total workmen's compensation for the period from July 9, 1971, to August 27, 1971. On August 30, 1972, respondent's workmen's compensation insurance carrier paid a physician for treatment rendered petitioner on May 17, 1972, and June 23, 1972. In February, 1973, petitioner was advised by his physician that surgery was necessary to remedy the condition caused by the injury and scheduled the surgery for April 10, 1973. Petitioner so advised the insurance carrier. Sometime in March 1973, two representatives of the insurance carrier came to petitioner's home and discussed the matter with him. A written statement was taken but it is not contained in the record. By letter dated March 29, 1973, and received by petitioner on April 2, 1973, the insurance carrier advised petitioner that it had concluded that his present complaints did not result from the injury suffered in June, 1971, and that it would not authorize or accept responsibility for additional medical treatment or pay any additional temporary total compensation. Petitioner's application for adjustment of claim was mailed on April 2, 1973, and filed with the Industrial Commission on April 3, 1973. An exhibit in evidence shows that on April 5, 1973, respondent's insurer paid the physician for services ren-

dered petitioner on October 11 and December 27, 1972.

Respondent contends that the application for adjustment of claim was not filed within one year of the date of the last payment of compensation, that there has been no waiver of the statutory limitation, that the claim was untimely filed and is, therefore, barred. Citing *Creel v. Industrial Com.,* 54 Ill.2d 580, petitioner contends that the claim, filed within one year of the August 30, 1972, payment by the insurance carrier of the medical bill, was timely filed and that respondent is estopped by its conduct from asserting the defense of limitations.

Section 6(c)(3) of the Workmen's Compensation Act provided in part:

> "In any case, *** unless the application for compensation is filed with the Commission within 1 year after the date of the accident, where no compensation has been paid, or within 1 year after the date of the last payment of compensation, where any has been paid, the right to file such application shall be barred." Ill. Rev. Stat. 1969, ch. 48, par. 138.6(c)(3).

The Act furthermore provided that the furnishing of medical services is not the payment of compensation. (Ill. Rev. Stat. 1969, ch. 48, par. 138.8(a).) The only and last payment of compensation to petitioner was made on March 30, 1972, the date he received the draft. (*Consolidated Freightways v. Industrial Com.,* 48 Ill.2d 221.) *Creel v. Industrial Com.,* 54 Ill.2d 580, is not in point for the reason that the payment made in that case invoked the provisions of section 8(j) of the Act.

Petitioner argues that the representatives of respondent's insurer did not indicate any disapproval of his claim and that in notifying him of its disclaimer by a letter deliberately calculated to reach him after the limitations period had run it engaged in conduct which estopped respondent from asserting the defense of limitations. He argues that under *Pope v. Industrial Com.,* 53 Ill.2d 560, the decision of the Industrial Commission is correct and the judgment should be affirmed.

The resolution of disputed questions of fact is primarily the function of the Industrial Commission. (*Gubser v. Industrial Com.* 42 Ill.2d 559.) Petitioner's uncontroverted testimony shows that the representatives of respondent's insurance carrier discussed his claim with him and did not advise him that the limitations period was about to run. The fact that petitioner withheld filing an application for adjustment of claim until receipt of the letter denying liability would support a finding that petitioner relied upon the conduct of the insurance carrier's representatives. Implicit in the decision of the Industrial Commission is the finding that by this conduct respondent was estopped to assert the defense of limitations and we cannot say that the finding is against the manifest weight of the evidence. For the reasons stated the judgment is affirmed.

*Judgment affirmed.*

MR. JUSTICE RYAN, dissenting:

When waiver or estoppel is relied upon to nullify the effect of the limitation period involved in this case, the one relying on these defenses has the burden of proving them and must present evidence to support his position. The record must reflect the evidence from which the court can determine whether the Commission's findings are against the manifest weight of the evidence. I do not dispute the principle stated in the last paragraph of the majority opinion that the resolution of disputed questions of fact is primarily the function of the Industrial Commission. *Gubser v. Industrial Com.*, 42 Ill.2d 559, cited in the majority opinion for that proposition further states that the function of this court is limited to a determination of whether the findings of the Commission are against the manifest weight of the evidence. This does not mean that a court must accept and put its stamp of approval upon every finding by the Industrial Commission. A court clearly has the duty to review the record to see

whether or not the determination of the Commission is supported by the manifest weight of the evidence. It is also true that the Industrial Commission has the power and the authority to draw reasonable inferences from the evidence presented. However this does not authorize the Commission to speculate or conjecture as to what transpired.

In this case the evidence simply shows that the representatives of the respondent's insurance carrier discussed the petitioner's claim with him and did not inform him that the limitation period was about to run. This is not evidence which will support the defenses of waiver or estoppel. There is no evidence that the limitation period was ever mentioned at this visit, nor is there any evidence that these representatives of the insurance carrier in any way intimated that the insurance carrier would waive the limitation period. In fact there is no evidence in the record that any representations of any kind were made. The petitioner testified. If there were representations made to him by the insurance company which caused him to delay filing his claim he could easily have recited these facts for the record. All that the record indicates is that after the insurance carrier was advised by the petitioner that he needed some additional surgery, two representatives from the company came to his home and took a written statement from him. Upon this meager evidence the majority of this court holds that it is appropriate for the Industrial Commission to speculate that some representations were made to the petitioner which caused him to delay filing his claim.

It may well be that something was said or done on this visit that caused the petitioner to delay. But, if so, why did he not so testify? As this record now stands it is exactly the same as the record in *Schumann v. Industrial Com.*, Docket No. 46780, which has also been decided by this court today and in which this court stated, "Claimant has failed to establish any misrepresentation or statement by *** a representative of the insurance company, upon

which he relied to his detriment." Since the record is devoid of any such evidence, the finding of the Industrial Commission in favor of the petitioner constitutes nothing more than speculation and is clearly against the manifest weight of the evidence. I would therefore reverse the decision of the circuit court which confirmed the finding of the Industrial Commission.

MR. CHIEF JUSTICE UNDERWOOD joins in this dissent.