BRIAN TEGELER, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (E.C. Baker and Sons, Inc., Appellee).

Fifth District (Industrial Commission Division)   No. 5—94—0643WC

Opinion filed October 19, 1995.—Rehearing denied January 10, 1996.

RARICK, J., dissenting.

Richard L. James, of Paris, for appellant.

Gregory C. Ray and Richard A. Tjepkema, both of Craig & Craig, of Mattoon, for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

Brian Tegeler (claimant) sustained injuries arising out of and in the course of his employment with E.C. Baker & Sons, Inc. (employer), on July 29, 1987. On or around May 23, 1990, a settlement offer in the amount of $7,346 was made to the claimant. The claimant delayed making a decision on the offer pending receipt of a medical report, but on December 15, 1990, the claimant received a letter from the employer's compensation carrier advising him that the offer was withdrawn and his case closed because the statute of limitations had expired.[1] On January 4, 1991, the claimant filed an application for adjustment of claim pursuant to the Workers' Compensation Act (the Act) (820 ILCS 305/1 *et seq.* (West 1992)). The arbitrator found in favor of the claimant and awarded him $12^2/7$ weeks of temporary total disability and found that he was permanently partially disabled to the extent of 20% loss of use of his right arm and 45% loss of use of his left arm under section 8(e) of the Act (820 ILCS 305/8(e) (West 1992)). The employer appealed to the Industrial Commission (the Commission), which reversed the decision of the arbitrator, finding that claimant's claim was barred by the statute of limitations. On administrative review, the circuit court confirmed the decision of the Commission.

---

[1]Section 6(d) of the Workers' Compensation Act (820 ILCS 305/6(d) (West 1992)) provides that "unless the application for compensation is filed with the Commission within 3 years after the date of the accident, where no compensation has been paid, or within 2 years after the date of the last payment of compensation, where any has been paid, whichever shall be later, the right to file such application shall be barred."

The issue on appeal is whether the employer was estopped from raising the defense of the statute of limitations by the actions and comments of the claims adjustor during the course of settlement negotiations. For the reasons which follow, we affirm.

The claimant's mother, who worked as a secretary for the employer, was in charge of all workers' compensation claims. She contacted the compensation carrier concerning the claimant's injury and spoke to Robert Scybert. Mr. Scybert informed Mrs. Tegeler that he was an insurance adjustor and that he was representing the insurance company in all settlement negotiations with the claimant. Mrs. Tegeler continued to have contact with Mr. Scybert regarding the claimant's treatment and medical expenses. The insurance company paid all medical bills related to the injury, as well as temporary total disability during the time the claimant was off work. Around February 1990, Mr. Scybert raised the possibility of a final settlement regarding the claimant's injuries but requested that the claimant see Dr. Brown for an evaluation on behalf of the insurance company.

In July of 1990, according to Mrs. Tegeler, or on May 23, 1990, according to Mr. Scybert, a settlement offer was made regarding permanent injury to the claimant's left hand and arm in the amount of $7,346. At that time, Mrs. Tegeler inquired about the payment for injuries to the claimant's right shoulder and was informed that there was no payment forthcoming because the insurer felt that there was no permanent injury. Mrs. Tegeler stated she wanted to get a report from Dr. Lack before accepting the offer and she would contact Mr. Scybert when she obtained the report. Mrs. Tegeler contacted Dr. Lack immediately. Mrs. Tegeler received no communication from the insurer until the receipt of a letter from the insurer dated December 15, 1990, advising her that the claimant's case had been closed because the statute of limitations had run.

When Mr. Scybert was questioned about whether he had advised Mrs. Tegeler of the expiration of the statute of limitations, he stated he not only did not advise her of the statute but he had been instructed by the insurer not to mention it to her. He was further instructed that if the statute of limitations expired before the settlement offer was accepted, the offer would be withdrawn.

Mrs. Tegeler testified that neither she nor the claimant ever received a booklet regarding the workers' compensation rules despite the fact that she had informed Mr. Scybert of this fact.[2]

The claimant contends that the circuit court erred in ruling that

---

[2]Section 7110.60 of the Commission's rules requires employers to deliver

the employer was not estopped from asserting the defense of the statute of limitations because the claimant was not made aware of the existence of the statute and was never given a workers' compensation rules booklet as required by section 7110.60 of the Commission's regulations. 50 Ill. Adm. Code § 7110.60 (1991).

We first note, contrary to the claimant's assertion, that while the facts in this case are not in dispute, there is more than one inference that can be drawn from them. An issue is one of law only when the undisputed facts are susceptible to a single inference. (*Herlihy Mid-Continent Co. v. Industrial Comm'n* (1993), 252 Ill. App. 3d 211, 215, 625 N.E.2d 108; *Fischer v. Industrial Comm'n* (1986), 142 Ill. App. 3d 298, 303-04, 491 N.E.2d 1333.) Because the issue in the instant case is a factual one, the Commission's decision will only be reversed if it is against the manifest weight of the evidence. *Dexheimer v. Industrial Comm'n* (1990), 202 Ill. App. 3d 437, 442-43, 559 N.E.2d 1034.

The claimant argues that despite the fact that there was ongoing communication between Mr. Scybert and Mrs. Tegeler concerning the payment of medical bills, temporary total disability, and the exchange of medical reports, no mention was made of any time limitations regarding the claimant's compensation claim. The claimant also points to the fact that although Mr. Scybert mentioned a possible settlement offer in February 1990, no offer was actually made until May 23, 1990. At that time Mrs. Tegeler requested time to obtain Dr. Lack's report regarding the condition of the claimant's shoulder. This occurred two months before the claimant's claim was time barred. Mr. Scybert still said nothing about the time limitation, and according to the claimant, Mrs. Tegeler believed she had plenty of time to obtain the medical report. In fact, Mr. Scybert acknowledged that he was instructed by the insurer not to inform Mrs. Tegeler of the time limitation.

In order for an employer to be estopped from raising the defense of the statute of limitations, there must be a showing of affirmative conduct on the part of the employer that lulls an employee into a false sense of security causing him to delay or waive the assertion of rights. (*Dickirson v. Pacific Mutual Life Insurance Co.* (1925), 319 Ill. 311, 318, 150 N.E. 256.) In the instant case there is no evidence of any promise or representation by Mr. Scybert or the insurer that

a copy of the *Handbook on Workers' Compensation and Occupational Diseases* to any employee who reports a work accident. The purpose of this requirement is to ensure that employees know their statutory rights and obligations, including the time in which to file a claim. 50 Ill. Adm. Code § 7110.60 (1991).

could have lulled the claimant into a false sense of security or caused him to delay the assertion of rights.

The claimant maintains that the employer should be estopped from asserting the statute of limitations because neither he nor Mrs. Tegeler was ever advised that there was a time limitation regarding the settlement offer, and they never received a booklet containing the workers' compensation rules. As to the failure of the employer or the insurer to advise the claimant of the statute of limitations, the claimant cites no authority which holds that either the insurer or the employer had an affirmative duty to advise the claimant when the statute of limitations would run on his claim. Although the claimant relies on *Molex, Inc. v. Industrial Comm'n* (1975), 62 Ill. 2d 46, 338 N.E.2d 390, and *Kaskaskia Constructors v. Industrial Comm'n* (1975), 61 Ill. 2d 532, 337 N.E.2d 713, in support of his argument, both cases are distinguishable. In *Molex*, the insurance carrier's agent (Ms. Ferrans) made an offer of settlement which was rejected by the claimant. Ms. Ferrans then suggested that claimant should come to the company's office and permit its doctor to examine him and possibly the company could make a better offer. The claimant agreed, and Ms. Ferrans stated she would make an appointment and call claimant back. Despite several letters and telephone calls to Ms. Ferrans over the next two months, she never responded. When he was finally able to speak with someone else at the insurance office, claimant said he was still waiting for an appointment with the doctor. He was then told that the statute of limitations had run.

In *Kaskaskia Constructors*, the claimant was advised by his doctor that surgery was necessary. The claimant so advised the insurance carrier, and sometime in March 1973, two representatives of the carrier came to his home and discussed the matter with him. Nothing was said about any kind of time limitation. On March 29, 1973, the day the statute of limitations expired, the carrier sent claimant a denial letter. In affirming the Commission's finding of estoppel, the supreme court stated:

> "Petitioner's uncontroverted testimony shows that the representatives of respondent's insurance carrier discussed his claim with him and did not advise him that the limitations period was about to run. The fact that petitioner withheld filing an application for adjustment of claim until receipt of the letter denying liability would support a finding that petitioner relied upon the conduct of the insurance carrier's representatives. *** [W]e cannot say that the finding is against the manifest weight of the evidence." *Kaskaskia Constructors*, 61 Ill. 2d at 535.

See also *Herlihy Mid-Continent Co.*, 252 Ill. App. 3d at 217 (holding

that employer was estopped to assert a statute of limitations defense where the insurer had arranged to have the claimant examined by one of its physicians after the statute of limitations had run).

Unlike the cases discussed above, it was not the insurer in the instant case which caused the delay in accepting the offer. Rather, it was Mrs. Tegeler who chose to delay a decision pending receipt of Dr. Lack's medical report. The employer made the settlement offer two months before the statute of limitations barred the claimant's claim.

While the Commission in *Kaskaskia Constructors* drew an inference that the claimant relied on certain conduct of the insurance carrier's representative, the Commission in the case *sub judice* drew the opposite inference. The question was one of fact, and we cannot say that the Commission's decision is against the manifest weight of the evidence.

As to the failure of the employer to provide the claimant with the workers' compensation booklet, although this is a requirement of the Commission's regulation, the claimant has cited no authority, nor has our research found any, which holds that an employer's noncompliance will estop the employer from asserting the statute of limitations as a defense.

Accordingly, the judgment of the circuit court confirming the decision of the Commission is affirmed.

Affirmed.

McCULLOUGH, P.J., and COLWELL and HOLDRIDGE, JJ., concur.

JUSTICE RARICK, dissenting:

I respectfully dissent. I would adopt the view and rationale of the dissenting commissioner. The majority disposes of claimant's argument regarding the employer's failure to provide the workers' compensation booklet by noting that there is no authority holding that an employer's noncompliance with the regulation will estop the employer from asserting the statute of limitations as a defense. In doing so, the majority has essentially taken the position that noncompliance with section 7110.60 will not prevent the employer from asserting the statute of limitations as a defense. The Workers' Compensation Act is a humane law of remedial nature and should be liberally construed to accomplish its purpose. (*Pathfinder Co. v. Industrial Comm'n* (1976), 62 Ill. 2d 556, 343 N.E.2d 913.) I believe the majority's decision sets a bad precedent, one that is fundamentally at odds with the remedial purposes of the Act.

Employers and their insurers are in a position far superior to that of their employees in terms of knowing their rights and obligations. This discrepancy in information provides employers and their insurers with an enormous advantage over the injured employee. The present case is a perfect example of how such discrepancy in information can lead to a result that is both unjust and contrary to the very purpose of the Act. Claimant was proceeding *pro se* and without benefit of counsel. Unlike the insurance company, claimant was unaware that the limitations period was about to expire. The lack of this information resulted in claimant being deprived of an otherwise presumably valid award. Section 7110.60, which ensures that employees are made aware of their statutory rights and obligations, including the time in which a claim must be filed, serves to redress the inequity resulting from such discrepancy in information. It cannot serve this function, however, unless it is enforced. To hold that an employer may raise the defense of the statute of limitations in spite of failure to comply with section 7110.60 defeats the purpose of the rule. In the present case, I would hold that the employer's failure to comply with section 7110.60 estopped it from raising the statute of limitations as a defense.